UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LLOYD MASON,

    Plaintiff,

    v.

AMBROSE RECREATION AND PARK DISTRICT, et al.,

    Defendants.
_____/

No. C 10-2201 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

    Defendants' motion to dismiss the first and third through eighth causes of action for failure to state a claim came on for hearing before this court on August 4, 2010. Plaintiff appeared by his counsel R. Ernest Montanari, and defendants appeared by their counsel Carrie A. Frederickson. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court hereby GRANTS the motion in part and DENIES it in part, as follows and for the reasons stated at the hearing.

    In his opposition to the motion, plaintiff stated that he was withdrawing the third and fourth causes of action, and plaintiff's counsel confirmed at the hearing that plaintiff intended to dismiss those two causes of action. Accordingly, the motion is GRANTED as to those claims.

    With regard to the motion to dismiss the first cause of action under 42 U.S.C. § 1983, the motion is GRANTED. The dismissal is with LEAVE TO AMEND, to clarify that the sole allegation under this cause of action is that plaintiff's procedural due process rights were violated; to plead facts stating a claim for a procedural due process violation, as to each defendant; and as to defendant Ambrose Recreation and Park District ("Ambrose"), to allege a claim under <u>Monell v. v. New York City Dep't. of Soc. Servs.</u>, 436 U.S. 658 (1978).

    With regard to the motion to dismiss the fifth cause of action under California Labor Code § 98.6 for failure to state a claim the motion is GRANTED. The dismissal is with

LEAVE TO AMEND, to clarify which rights protected under which provision of the Labor Code provide a basis for this claim; and also to clarify that plaintiff is not asserting a claim of First Amendment violations under the guise of the § 98.6 claim.  As for the question whether the claim should be dismissed for failure to exhaust administrative remedies by filing a claim with the Department of Labor, the motion is DENIED.  The law appears to be unsettled; moreover, the court is more persuaded by the reasoning in Lloyd v. County of Los Angeles, 172 Cal. App. 4th 320 (2009).

With regard to the motion to dismiss the sixth cause of action for breach of contract, and the seventh cause of action for breach of the implied covenant for failure to state a claim, the motion is GRANTED in part and DENIED in part.  The motion is GRANTED, WITH PREJUDICE, to the extent that the complaint asserts the existence of an express contract.  The motion is DENIED with regard to any claim of breach of implied contract, or the claim of breach of the implied covenant of good faith and fair dealing.

With regard to the eighth cause of action for respondeat superior, the motion is GRANTED, WITH PREJUDICE.  Respondeat superior is not an independent cause of action – rather, it is a doctrine or theory of liability, under which, for example, and employer may be held liable for the negligent acts of its employees.  See Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1577 n.28 (9th Cir. 1990).

Finally, with regard to the motion to dismiss the claim for punitive damages as to Ambrose, the motion is GRANTED, WITH PREJUDICE.  See Cal. Gov't Code § 818.

As stated at the hearing, any amended complaint shall be filed no later than September 3, 2010.

**IT IS SO ORDERED.**

Dated:  August 5, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge